E-FILED
Friday, 16 July, 2021  04:42:06 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | | |
|---|---|---|
| RICHARD A. DAVIS, Plaintiff and<br>on Behalf of S.D., a minor. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. |
| vs. | ) | |
| | ) | |
| KEVIN RING and CITY OF PARIS, ILLINOIS,<br>a municipal corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>COMPLAINT</u>

Plaintiff, by counsel, alleges as follows:

1.      This is a civil action arising under the Fourth Amendment to the United States Constitution and 42 U.S.C. §§ 1983 and 1988, and the Common Law of Illinois. The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1343 and supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

2.      Plaintiff Richard A. Davis and his minor son S.D. are residents of the Central District of Illinois.

3.      Defendant Kevin Ring was, at all times relevant, a police officer in the supervisory capacity of Sergeant and employed by the City of Paris, Illinois. The defendant is sued in his individual capacity and at all times relevant hereto was acting under color of state law.

4.      Plaintiff first became aware of the personal involvement of Defendant Kevin Ring on June 22, 2021, after receiving discovery responses (Paris 453 and 457) from the City of Paris in Central District of Illinois Case # 20-2220, Davis v. City of

2:21-cv-02186-CSB-JEH   # 1   Page 2 of 6

Paris, which documents implicated Kevin Ring in both a conspiracy and a cover-up.

5.    At all times relevant, there was in force and effect an ordinance of

defendant City of Paris, Illinois stating:

**§ 96.048 BICYCLES AND SKATEBOARDS; RESTRICTIONS**.
It shall be unlawful for any person to ride or use a skateboard or bicycle on any public
street, sidewalk, or other public property within the district zoned as C-3 Central Business
District and on Main Street and Central Avenue extending south from the Central Business
District to the south side of Crawford Street within the city limits. It shall also be unlawful for
any person to ride a bicycle on any sidewalk within the district zoned as C-3 Central Business
District and on sidewalks from Main Street and Central Avenue extending south from the
Central Business District to the south side of Crawford Street within the city limits. It shall also
be unlawful for any person to ride or use a skateboard or bicycle on any public or private school
property or in Schwarz Park. It shall further be unlawful for any person to ride or use a
skateboard or bicycle on private property within the limits of the city unless specific permission
has been received from the owner of that property.

(1969 Code, § 22-23) (Ord. 2002-27, passed 8-26-2002; Am. Ord. 2003-12, passed 6-23-
2003; Am. Ord. 2003-21, passed 8-11-2003; Am. Ord. 2004-44, passed 9-27-2004) Penalty, see
§ 96.999

**§ 96.999 PENALTY**.
(C) A violation of § 96.048 of this code shall be punishable by a fine of not less than $75
nor more than $750 for each separate offense. (hereinafter "Bicycle Ordinance")

6.    On August 27, 2019, at or around 5:25 p.m., Officer Matthew McConnell

communicated to Defendant Ring that he was in vehicular pursuit of S.D., a minor on a

bicycle, for violating the Bicycle Ordinance.

7.    Defendant Ring personally knew S.D., and was aware that the minor was

mentally disabled and suffered emotional disorders.

8.    On the aforesaid date and time Defendant Ring and Officer Matthew

McConnell were both aware that the Paris Police Department Pursuit Policy allows a

vehicular pursuit only when there is reasonable suspicion that the driver of the vehicle

has committed a violent felony.

9.    Despite his knowledge of S.D.'s disabilities, Defendant Kevin Ring, acting

2

at all times willfully and wantonly, joined the pursuit when he used his squad car to closely pursue S.D., who was riding a bicycle, in violation of the Paris Police Department Pursuit Policy, and by doing so, he engaged in willful and wanton acts which constitute excessive and unreasonable force under the Fourth Amendment to the U.S. Constitution.

10.     On aforesaid date and time Defendant Ring, in further violation of the Paris Police Department Pursuit Policy, and in furtherance of a conspiratorial motive with Officer Matthew McConnell, to hide their policy violations from the Chief of Police, failed or refused to advise dispatch of the pursuit of S.D., the reason for the pursuit, and the location and direction of the pursuit.

11.     Defendant Kevin Ring, willfully, wantonly and recklessly drove his squad car over sidewalks, across a grassy area, back to the street, over the curb and into a front yard and hit the bicycle S.D. was riding with his squad car, in total disregard of S.D.'s safety and emotional well-being, in violation of the Paris Police Department Pursuit Policy, and by doing so, he engaged in acts which constitute excessive and unreasonable force and unlawful seizure under the Fourth Amendment to the U.S. Constitution, as well as assault, battery and reckless endangerment to S.D.'s life.

12.     Although he was the supervising Sergeant on shift, Defendant Ring failed or refused to advise Officer Matthew McConnell to terminate the pursuit of S.D. and, in fact, he joined in a tacit agreement with Officer Matthew McConnell to violate policy, to violate the Fourth Amendment and to engage in reckless driving, which was a danger to S.D. as well as a potential danger to other drivers and pedestrians.

13.     After being hit by Defendant Ring's squad car, S.D. got scared and

3

"chucked" his bicycle at the squad car's front bumper and ran to a home located at 318 W. Washington Street, which his father was purchasing and went inside the home.

14.     Shortly thereafter, Defendant Ring, arrived at the area of S.D.'s home and, in speaking to Richard Davis, he concealed the fact that he had engaged in the unlawful and dangerous pursuit of S.D., and asked if Mr. Davis knew what was going on.

15.     Officers Matthew McConnell and Travis Vice entered S.D.'s dwelling without a warrant, exigent circumstances, or consent and used excessive and unreasonable force against S.D., arresting him for violating the bicycle Ordinance.

16.     Defendant Ring stood by and failed to intervene to stop or prevent Officer Matthew McConnell from effecting a custodial arrest of S.D. for violating the bicycle Ordinance, which was unreasonable under the circumstances.

17.     In furtherance of the conspiracy to hide his own and Matthew McConnell's policy and constitutional violations, Defendant Ring wrote a Supervisor's Review of Incident Report in which he failed to detail his own misconduct in the pursuit of the minor, and, wrote that after reviewing the department's policies, he found that there were no violations of policies and procedures in the incident, in a document written nine days after the incident and only after Paris Police Chief Eric Brown had reviewed department videos and requested an Incident Report from Matthew McConnell.

18.     As a direct and proximate result of Defendant Sergeant Ring's complete Failure to Adequately Supervise and Control the Patrol Officers on duty, he allowed, aided, abetted and condoned misconduct and unconstitutional behaviors, including but not limited to:

a.     Officers McConnell and Vice entered the home of Plaintiffs Richard Davis

4

and S.D., without a warrant, without consent and without exigent circumstances, and

      b.     Officer McConnell used excessive and unreasonable physical force against S.D., a minor, and

      c.     Officer McConnell physically arrested S.D., a minor and removed him from the custody of his father, for an alleged violation of a municipal bicycle riding ordinance punishable only by a fine, and

      d.     defendant police officer(s) held S.D. in police custody for approximately an hour, without a parent present, for an alleged violation of a municipal bicycle riding ordinance punishable only by a fine.

      19.    As a direct and proximate result of Defendant Ring's own personal conduct, S.D., a minor was subjected to unreasonable force, unlawful seizure and arrest, in violation of the Fourth Amendment to the Constitution of the United States; and was subjected to Assault, Battery and the Intentional Infliction of Emotional Distress in violation of Illinois law; and S.D. suffered injury and damages.

      20.    As a direct and proximate result of Defendant Ring's failure to supervise and control the patrol officers and the widespread custom of defendant City of Paris, Richard A. Davis was subjected to the unlawful entry into his home, in violation of the Fourth Amendment to the Constitution of the United States; and was subjected to the Intentional Infliction of Emotional Distress in violation of Illinois law; and Richard A Davis suffered injury and damages.

**PRAYER FOR RELIEF**

      WHEREFORE, Plaintiffs pray for judgment as follows:

      (a) Compensatory general and special damages in accordance with proof;

(b) Costs of suit necessarily incurred herein;

(c) Reasonable Attorney's Fees and expenses of litigation;

(d) Punitive damages against the individual defendant, as allowed under the law, (except the immune entity defendant) in an amount sufficient to punish defendant and to deter future misconduct of this defendant and other similarly situated police officers; and

(e) Such further relief as the Court deems just or proper;

**PLAINTIFF DEMANDS TRIAL BY JURY**

RESPECTFULLY SUBMITTED,
RICHARD A. DAVIS, Plaintiff and
on behalf of S.D., a minor

/s/ JUDE MARIE REDWOOD
Mrs. Jude M. Redwood ARDC # 6257623
REDWOOD LAW OFFICE
P.O. Box 864
St. Joseph, IL 61873
Telephone: (217) 469-9194
Facsimile: (217) 469-8094
redwoodlaw42@hotmail.com

6